HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WELLS FARGO BANK, N.A.,

    Plaintiff,

v.

TIMOTHY J. HYLAND, et al.,

    Defendants.

Case No. C16-593 RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on Defendants Timothy J. Hyland and Billie Jo Hyland's Motion to Dismiss for Failure to State a Claim (Dkt. # 9). For the reasons that follow, the Court **DENIES** the Hylands' motion.

## II.  BACKGROUND

On January 23, 2004, the Hylands took out a $325,000 mortgage loan from Commercial Federal Bank. Dkt. # 1-1 at 3. Their loan agreement is comprised of a promissory note and a deed of trust. *Id.* Section 20 of the deed of trust contains a provision prohibiting the borrower or the lender from filing an action for judicial relief prior to notifying the other party:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party hereto a reasonable period after the

ORDER – 1

> giving of such notice to take corrective action. . . . The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 . . . shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

*Id.* at 24. Section 22, which Section 20 deems sufficient to accomplish notice, specifies in detail the contents of what constitutes adequate notice. *Id.* at 25.

On February 28, 2011, the deed of trust was assigned to Plaintiff Wells Fargo, Bank, N.A. ("Wells Fargo").

On February 17, 2016, Wells Fargo filed an action for judicial foreclosure on the underlying property. Dkt. # 1-1. Attached to the complaint is a copy of the promissory note, the deed of trust, and the subsequent assignment of the deed of trust. *Id.* at 8-30. The Hylands then removed the action to this Court. Dkt. # 1. They have since filed the instant motion to dismiss. According to the Hylands, Wells Fargo's judicial foreclosure action fails to state a claim because the complaint does not contain allegations sufficient to establish compliance with the contractual notice provision in Section 20. In support of their motion, the Hylands include a declaration with two exhibits that are not attached or specifically referred to in Wells Fargo's complaint.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563;

ORDER – 2

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint. It may, however, "consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A document that meets these criteria may be treated as part of the complaint and the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may also consider evidence subject to judicial notice. *Id.*

## IV. DISCUSSION

a. <u>Exhibits Attached to the Hylands' Motion</u>

The Hylands have attached two documents in support of their motion: (1) a letter dated November 10, 2016, which they contend comprises Wells Fargo's only evidence that it complied with the notice provision in the deed of trust; (2) a foreclosure mediation report, which they offer as evidence of bad faith. Neither of these documents is attached to Wells Fargo's complaint.

The Court will disregard these documents for purposes of deciding this motion. A document not attached to the complaint that is submitted in support of a motion to dismiss may be considered only if (1) it is subject to judicial notice or (2) the complaint refers to the document, the document is central to the plaintiff's claim, and its authenticity is unquestioned. *Ritchie*, 342 F.3d at 908; *Marder*, 450 F.3d at 448. First, the Hylands do not argue these documents are subject to judicial notice. Second, while the authenticity of these documents may not be in question, the complaint does not refer to the letter or report and neither document is central to Wells Fargo's claim. The Court will not consider these documents.

//

ORDER – 3

     b.  Sufficiency of Wells Fargo's Complaint

The Hylands contend that Wells Fargo fails to state a claim because its complaint does not sufficiently allege that it complied with the notice provision in Section 20 of the deed of trust.  In response, Wells Fargo directs the Court to the following portion of the complaint:

> 10.  The Borrowers have failed to make the monthly payment due on October 1, 2010 and in subsequent months up to and including the date of filing this Complaint.  Because of the default, Plaintiff has exercised and does hereby exercise the option granted in the Note and Deed of Trust to declare the whole of the balance of both the principal and interest thereon due and payable.

Dkt. # 1-1 at 3.  According to Wells Fargo, this paragraph sufficiently alleges that it exercised its acceleration rights pursuant to Section 22 of the deed of trust and, by implication, complied with the notice procedure therein.  As noted above, the notice required by Section 20 can be accomplished by complying with Section 22.

The Court concludes that Wells Fargo has pleaded adequate facts to state a claim upon which relief can be granted.  In Paragraph 10, Wells Fargo alleges that it exercised its rights to "declare the whole of the balance . . . due and payable." *Id.*  As the non-moving party, Wells Fargo is entitled to the reasonable inference that this allegation refers to its acceleration rights under Section 22 of the deed of trust.  It is also entitled to the reasonable inference that exercising its acceleration rights necessarily required compliance with the full extent of Section 22, including the lengthy notice provision that is separately defined as sufficient to constitute notice under Section 20.  Accordingly, Wells Fargo has alleged facts permitting the reasonable inference that it provided the Hylands notice prior to filing this action.

//

//

//

//

ORDER – 4

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** the Hylands' Motion to Dismiss for Failure to State a Claim (Dkt. # 9).

DATED this 30th day of September, 2016.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 5